UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIE C. SANDERS, JR., <br><br> Plaintiff, <br><br> v. <br><br> TRUSTMARK RECOVERY SERVICES, INC., and JEFFREY L. ROSEN & ASSOCIATES, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 2:21-cv-00101 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff WILLIE C. SANDERS, JR. ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of TRUSTMARK RECOVERY SERVICES, INC. ("Trustmark") and JEFFREY L. ROSEN & ASSOCIATES ("Rosen") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Lake County, Indiana, which falls within the Northern District of Indiana.

5. Trustmark is a third-party collection agency servicing various industries. Trustmark is a corporation organized under the laws of the state of Indiana with its principal place of business located at 833 West Lincoln Highway, Suite 200W, Schererville, Indiana 46375. Trustmark's registered agent in Indiana is Joseph Zacharias, located at 541 Otis Bowen Drive, Munster, Indiana 46321.

6. Rosen represents businesses in the collection of debts. Rosen is a debt collection law firm, and based on its correspondence, it shares the same address as Trustmark – 833 West Lincoln Highway, Suite 200W, Schererville, Indiana 46375. Rosen's attorney registration address is 1905 Windfield Drive, Munster, Indiana 46321. Rosen regularly files collection lawsuits and collects from consumers residing within the state of Indiana.

7. Trustmark is Rosen's principal. Consequently, Trustmark is liable for Rosen's actions as Trustmark exercises control over Rosen's conduct (i.e. Trustmark instructs Rosen when to initiate a lawsuit). *See Kolchinsky v. W. Dairy Transp., LLC*, 949 F.3d 1010, 1013 (7th Cir. 2020) ("The 'cardinal consideration' for determining the existence of an agency relationship is whether the alleged principal has the 'right to control the manner of work performance.'").

8.  Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9.  Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## FACTS SUPPORTING CAUSES OF ACTION

10.  The instant action stems from Defendants' attempts to collect upon a defaulted medical debt ("subject debt") that Plaintiff purportedly incurred to Methodist Hospital Southlake ("MHS").

11.  Upon information and belief, Trustmark purchased the subject debt after Plaintiff's default with MHS.

12.  On or around July 29, 2020, Rosen, at the direction of Trustmark, mailed or caused to be mailed a dunning letter to Plaintiff in an attempt to collect upon the subject debt. *See attached Exhibit A* for a true and accurate copy of Defendants' July 29, 2020 correspondence.

13.  Defendants' July 29, 2020 correspondence set forth Rosen's legal letterhead with a corresponding address of 833 West Lincoln Highway, Suite 200W, Schererville, Indiana 46375.

14.  Upon information, Trustmark's registered address with the Indiana Secretary of State is also 833 West Lincoln Highway, Suite 200W, Schererville, Indiana 46375.

15.  Defendants' July 29, 2020 correspondence further informed Plaintiff that it was seeking to collect upon the subject debt in the amount of $1,217.49, and provided the language required under § 1692g of the FDCPA, including the portion: "Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office."

16. Plaintiff did not agree with the amount of the subject debt, so on or about August 25, 2020, which was within 30 days of Defendants' July 29, 2020 correspondence, Plaintiff caused to be mailed a letter to Defendants disputing the validity of the subject debt and requesting that Defendants provide him with verification of the subject debt. *See attached Exhibit B* for a true and accurate copy of Plaintiff's July 29, 2020 dispute letter.

17. Defendants received Plaintiff's dispute on or about August 27, 2020.

18. In spite of Plaintiff's written dispute, Defendants failed to provide Plaintiff with verification of the debt, but yet, Defendants continued their efforts to collect upon the subject debt.

19. Consequently, on October 15, 2020, Plaintiff sent a *second* written dispute letter to Defendants, in which he reiterated his request that Defendant provide verification of the subject debt. *See attached Exhibit C* for a true and accurate copy of Plaintiff's October 15, 2020 dispute letter.

20. Defendants received Plaintiff's second dispute on or about October 26, 2020.

21. Despite Plaintiff's multiple efforts, Defendants entirely failed to provide him with verification of the subject debt while continuing their harassing efforts to collect upon the subject debt.

22. As if this conduct was not egregious enough, on or about March 12, 2021, Plaintiff was served with a lawsuit (Lake County, Indiana Case No. 4D02-2103-CC-001935) from Trustmark, who employed Rosen to file suit and collect upon the disputed subject debt.

23. Plaintiff was taken aback by Defendants' lawsuit, as he disputed the subject debt within the timeframe provided by Defendants' July 29, 2020 correspondence, but yet, was still sued on the subject debt without ever being provided with any verification of the same.

24. Plaintiff has further suffered from emotional distress as he was led to believe that his federal rights had no legal effect upon Defendants.

25. Feeling hopeless and confused as a result of Defendants' conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26. By unlawfully neglecting to provide Plaintiff with verification of the subject debt after his timely written disputes, Defendants subjected Plaintiff to harm, as he was subsequently sued by Defendants for the subject debt that he did not agree with.

27. § 1692g of the FDCPA was enacted to provide consumers with the ability to dispute a debt, and in spite of Plaintiff's efforts to exercise these rights for the exact purpose that the statute was envisioned, Defendant failed to provide the necessary information required by the FDCPA.

28. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendants as described in this Complaint, *supra*, were taken willfully and/or with knowledge that their actions were taken in violation of the law.

29. As a result of Defendants' actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendants and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

30. Plaintiff has suffered concrete harm as a result of Defendants' conduct, including but not limited to expending time addressing and dealing with Defendants' confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendants' violations of law, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendants' collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.  Defendants identify themselves as debt collectors, and Trustmark has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2011.[1]

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

36. Rosen attempted to collect from Plaintiff on Trustmark's behalf. Consequently, Trustmark is responsible for Rosen's conduct.

### a. Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

---

[1] http://www.acainternational.org/search#memberdirectory

39. Defendants violated §1692e and e(10) through their continued debt collection efforts in spite of Plaintiff's written disputes. Moreover, Defendants did not provide Plaintiff with verification the subject debt. Consequently, Defendants misleadingly and deceptively represented that they did not have to provide verification of the subject debt when they continued their collection efforts, including the filing of a lawsuit against Plaintiff, even after Plaintiff disputed the validity of the subject debt in writing.

    b.  **Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendants violated §1692f when they unfairly attempted to collect upon the subject debt by filing a lawsuit against Plaintiff, despite the fact that Defendants completely neglected to provide Plaintiff with verification of the subject debt after his two timely written disputes. Pursuant to 15 U.S.C. § 1692g(b), all collection efforts were to cease until Defendants were able to provide Plaintiff with verification of the subject debt.  Any reasonable fact finder will conclude that by failing to send the verification and by subsequently filing a lawsuit against Plaintiff, Defendants obfuscated Plaintiff's rights under the FDCPA.

    c.  **Violations of FDCPA § 1692g**

42. The FDCPA, pursuant to 15 U.S.C. § 1692g(b) requires that, If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name

and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

43. Defendants violated 15 U.S.C. § 1692g(b) when they continued their debt collection activities within the 30-day period during which they should have ceased and provided verification of the subject debt to Plaintiff. Rather than follow the strict guidelines of the FDCPA, Defendants ignored both of Plaintiff's written disputes, and further exacerbated their unlawful conduct by proceeding to file a lawsuit against Plaintiff to collect upon the disputed subject debt.

44. As pled in paragraphs 24 through 30, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, WILLIE C. SANDERS, JR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Ordering Defendants to dismiss the erroneous lawsuit they filed against Plaintiff in Lake County, Indiana.

f. Enjoining Defendants from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 26th day of March, 2021.                    Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Willie C. Sanders, Jr.*